IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARSHALL FEATURE RECOGNITION, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:14-CV-253-JRG |
| VALPACK DIRECT MARKETING SYSTEMS, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Before the Court is Valpack Direct Marketing Systems, Inc.'s Motion to Dismiss and Memorandum in Support of Motion to Dismiss (Dkt. No. 6, filed September 15, 2014.)

## APPLICABLE LAW

Federal Rule of Civil Procedure ("F.R.C.P.") § 4(m) (2012) provides for "Time Limit for Service" as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Fifth Circuit "review[s] a district court's dismissal under Rule 4(m) for an abuse of discretion." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Under Rule 4(m), "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service" *Id.*; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) (stating that with the "1993


- 2 -

amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'").

## DISCUSSION

As an initial point, Valpak does not dispute that its agent received a copy of the summons and complaint in this case on April 14, 2014.

Valpack argues that Marshall Feature Recognition ("MFR") "has not effected proper service of process because it attempted to serve Valpak by sending the summons and complaint by certified mail to Valpak's registered agent in Delaware." (Mot. at 1.) Valpak argues that "Texas law provides for service by certified mail (return receipt requested), but requires that such service be effected by a disinterested party." (*Id.* at 2-3.) Specifically, Valpak argues that MFR improperly served Valpak under Texas law when MFR's Counsel (an interested party) sent the summons and complaint by certified mail. Valpak argues that "[s]ince no 'good cause' exists to cure Plaintiff's failure to effect timely service, the Court must dismiss this case without prejudice, as specified under Rule 4(m)." (Sur-Reply at 1.)

Having reviewed the record in this case, the Court has determined that the better course is to order MFR to serve Valpak within 10 days of this order.

## CONCLUSION

Valpack Direct Marketing Systems, Inc.'s Motion to Dismiss and Memorandum in Support of Motion to Dismiss (Dkt. No. 6) is hereby DENIED.  MFR is hereby ORDERED to serve Valpak within 10 days of this order.  The Court grants an extension of the time in which to effect service as necessary to comply with this order.

**So Ordered and Signed on this**

**Nov 7, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE